IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN AYANBADEJO and | § | |
| FELICIA MALVEAUX AYANBADEJO, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1177 |
| | § | |
| MICHAEL CHERTOFF, *et al.*, | § | |
| Defendants. | § | |

## ORDER

On September 21, 2006, this Court granted the defendants' motion to dismiss for lack of subject matter jurisdiction. The plaintiffs have filed a "Motion for New Trial," which the Court construes as a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. # 27). They have also filed a memorandum of law in support of that motion. (Doc. # 28). The plaintiffs' motion is **denied** for reasons that follow.

A Rule 59(e) motion may be granted if the moving party demonstrates any of the following: (1) the judgment was based upon a manifest error of law or fact; (2) there is newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) there is an intervening change in controlling law. *See* 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995). Altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary measure, which courts should use sparingly. *See id.*; *In the Matter of Self*, 172 F. Supp. 2d 813, 815 (W.D. La. 2001). With respect to the extraordinary nature of this remedy, the Fifth Circuit has

found that the Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993); *see also Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) ("Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory."). As such, "the district court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration arising under [Rule 59(e)]." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990).

The plaintiffs in this case sought judicial review of the denial of an immigrant visa petition for the spouse of a United States Citizen and the subsequent decision to deny an adjustment of immigration status. The plaintiffs contend that they are entitled to relief from the final judgment because this Court erred by finding that they did not have a "'real' marriage." (Doc. #28, *Memorandum* at 10). The Court made no such finding, noting only in the alternative that the plaintiffs failed to establish an abuse of discretion by immigration officials in this instance. (Doc. # 25, *Memorandum and Order*, at 14, n.4). This case was dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, pursuant to the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005), codified as amended at 8 U.S.C. § 1252(a)(2)(B), and not for reasons related to the merits of the plaintiffs' claims. The plaintiffs do not show that any

ruling by the Court was incorrect or that they are otherwise entitled to relief under Rule 59(e).

Accordingly, it is **ORDERED** that the plaintiffs' motion to alter or amend the judgment is (Doc. # 27) is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas on **October 4, 2006.**

Nancy F. Atlas
United States District Judge